UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANSELMO SOTO, JR.,

                                      Petitioner,         9:11-CV-0223 (GLS/TWD)

      v.

SUPERINTENDENT,

                                      Respondent.
_____

APPEARANCES:                              OF COUNSEL:

ANSELMO SOTO, JR., 87-C-0774
721 Columbia Street Apt. #4
Utica, New York 13501


HON. ERIC T. SCHNEIDERMAN          THOMAS B. LITSKY, ESQ.
Office of the Attorney General               Assistant Attorney General
State of New York
Counsel for Respondent
120 Broadway
New York, New York 10271


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

      This action has been referred to the undersigned by Chief District Court Judge Gary L. Sharpe for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(c). Petitioner Anselmo Soto, Jr., a former New York state prison inmate, has commenced this habeas corpus proceeding, pursuant to 28 U.S.C. § 2254, challenging his conviction. Because I find that the petition is untimely, that the claim presented is noncognizable on federal habeas corpus review, and that Petitioner's claim is without merit, I

recommend that the Court deny and dismiss the petition.

I. **THE HABEAS PETITION**

On December 4, 1987, Petitioner was convicted in Oneida County Court, after a jury trial, of conspiracy in the second degree. (Dkt. No. 1-6 at 20.) The New York Department of Correctional Services[1] ("DOCS") treated Petitioner's sentence as consecutive to, rather than concurrent with, his previous undischarged prison sentences. *Id.* at 23. In this habeas corpus proceeding, Petitioner challenges DOCS' calculation of his sentence. (Dkt. No. 1.)

II. **THE CLAIMS**

Petitioner seeks relief on the grounds that DOCS violated his right to due process by calculating his prior undischarged terms as running consecutively to Petitioner's current term. (Dkt. No. 1.)

Respondent argues that (1) the petition is a second and successive petition and accordingly must be transferred to the Second Circuit; (2) the petition is untimely; and (3) Petitioner's challenge to the calculation of his sentence is a state law issue not cognizable in this proceeding and, even if cognizable, is without merit. (Dkt. No. 10.)

III. **FACTUAL AND PROCEDURAL BACKGROUND**

On March 19, 1981, Petitioner was convicted, after a jury trial, of criminal possession of a controlled substance in the fourth degree. (Dkt. No. 1-6 at 14.) He was sentenced as a second felony offender to an indeterminate prison term of three to six years. *Id.*

---

[1] On April 1, 2011, the New York State Department of Correctional Services and Division of Parole merged into one comprehensive agency entitled the New York State Department of Corrections and Community Supervision. I will refer to the agency as "DOCS" because that was its title during the time relevant to this petition.

On June 11, 1981, Petitioner was convicted, after a plea, of one count of criminal sale of a controlled substance in the second degree. (Dkt. No. 1 at 15.) He was sentenced to an indeterminate prison term of six years to life, to run concurrently with his March 1981 sentence. *Id.* Petitioner appealed and his conviction was reversed and remanded. *People v. Soto*, 465 N.Y.S.2d 82 (N.Y. App. Div. 4th Dep't 1983). On remand, Petitioner was convicted, after a plea, to one count of criminal possession of a controlled substance in the fifth degree. (Dkt. No. 1-6 at 17.) He was sentenced as a second felony offender to an indeterminate sentence of three to six years, to run concurrently with his March 1981 sentence. *Id.*

Petitioner was paroled on July 18, 1984. (Dkt. No. 1-6 at 10.)

On December 4, 1987, Petitioner was convicted, after a trial, of one count of conspiracy in the second degree. (Dkt. No. 1-6 at 20.) He was sentenced as a persistent felony offender to an indeterminate sentence of twenty-five years to life. *Id.* At the time of sentencing, the court was silent as to whether the new term was to be served concurrently with or consecutively to the undischarged portions of Petitioner's previous sentences. *Id.* at 8.

On February 2, 2000, Petitioner filed a habeas petition in this Court challenging his 1987 conspiracy conviction. *Soto v. Walker*, No. 9:00-cv-0197-TJM-DEP, Dkt. No. 1. On September 18, 2002, this Court dismissed the petition as untimely. *Id*. at Dkt. Nos. 46-47. This Court's decision did not reach the merits of the petition. *Id.* The Second Circuit denied Petitioner's application for a certificate of appealability because the petition was time-barred. *Id.* at Dkt. No. 58.

Petitioner alleges that "on or about June 25, 2007," DOCS determined that Petitioner's 1987 sentence should be served consecutively to his previous sentences. (Dkt. No. 1 at 2.)

3

However, other evidence in the record suggests that DOCS made that determination much sooner. The record includes a DOCS document titled "Legal Date Computation" dated April 10, 2001. (Dkt. No. 1-6 at 23.) The third line of this record includes the heading "NEW CONSEC TERM." *Id*. (capitalization in original). The record also includes a December 18, 2006, letter from Petitioner to the acting DOCS commissioner protesting the computation of his sentence as consecutive rather than concurrent. (Dkt. No. 1-5 at 18-29.) In that letter, Petitioner stated that he had been attempting "[s]ince as early as June 2004" to change the computation of his sentence from consecutive to concurrent. *Id.* at 18.

Petitioner brought an Article 78 proceeding in Dutchess County Supreme Court challenging DOCS' calculation of his sentence. (Dkt. No. 1-1.) The petition was dated August 22, 2007. (Dkt. No. 1-4 at 18.) On November 28, 2007, that court denied the petition. *Id.* The court stated that:

> Petitioner's status as a second felony offender and persistent felony offender required that the sentence imposed in 1987 run consecutively to the undischarged sentences on his prior convictions. (Penal Law § 70.25[2-a]; Matter of Rice v. Goord, 35 AD3d 867 [2d Dept. 2006], lv to app den 8 N.Y.3d 811 [2007].) There was no need for the sentencing court to specifically state that the 1987 sentence was to run consecutively with the 1984 and 1981 sentences. The sentencing court had no discretionary authority to rule otherwise. (Matter of Rivera v. Goord, 24 AD3d 679, 680 [2d Dept. 2005], lv to app den 6 N.Y.3d 710 [2006].) Its silence on the issue does not provide petitioner with any basis for the relief he seeks in light of the cited statutory and decisional authorities.

(Dkt. No. 1-1 at 5, citation style in original.)

Petitioner appealed. (Dkt. No. 1-2.) On January 15, 2009, the Second Department affirmed the County Court. *Id.* The court stated that:

4

> In 1987 the petitioner was sentenced, as a persistent felony offender, to an indeterminate prison term of 25 years to life, upon his conviction of conspiracy in the second degree. The sentencing minutes and the order of commitment were silent as to whether the sentence was to run concurrently with or consecutively to sentences previously imposed upon the petitioner in 1981 and 1984. The New York State Department of Correctional Services (hereinafter the DOCS) subsequently determined that the petitioner's 1987 sentence was to run consecutively to his 1981 and 1984 sentences, and the petitioner commenced this CPLR article 78 proceeding, seeking to annul that determination.
>
> Contrary to the petitioner's contention, the DOCS did not exceed its authority in determining that his sentences must run consecutively, pursuant to the mandatory provisions of Penal Law § 70.25(2-a) (*see People ex rel. Gill v. Greene*, 12 NY3d 1). Accordingly, the Supreme court properly, in effect, denied the petition and dismissed the proceeding.

(Dkt. No. 1-2 at 3-4, citation style in original.)

Petitioner filed a notice of appeal with the New York Court of Appeals. (Dkt. No. 1-3.) On June 25, 2009, that court dismissed the appeal "upon the ground that no substantial constitutional question is directly involved." *Id*. at 3. The court denied Petitioner's motion for reconsideration on September 22, 2009. *Id.* at 4.

Petitioner asserts that on September 3, 2010, he was "set up by his gallery officers with two state issue razor blades in retaliation for exercising constitutionally protected conduct" and spent thirteen days in the Special Housing Unit. (Dkt. No. 13 at 8.[2]) Petitioner asserts that the majority of his legal documents, including his file regarding this action, were destroyed by officers in the Special Housing Unit. *Id.*

Petitioner signed the pending habeas petition on February 23, 2011. (Dkt. No. 1 at 8.) It

---

[2] Citations to page numbers in the traverse refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

was filed in this court on February 28, 2011. (Dkt. No. 1.)

Petitioner was paroled on January 21, 2014. NEW YORK DEP'T OF CORR. & CMTY. SUPERVISION, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited Mar. 7, 2014).

## IV.  ANALYSIS

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for a writ of habeas corpus challenging the judgment of a state court. 28 U.S.C. § 2244(d) (2006). Before filing in federal court, a petitioner must generally exhaust state court remedies by 'fairly presenting' the issues in state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). If the petition is timely and the issues have been exhausted, the federal court turns to the merits of the petitioner's claims. Here, Respondent concedes that all issues were exhausted. (Dkt. No. 10 at 8.[3])

Under AEDPA, a federal court may not grant habeas relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1) (2006); *Carey v. Musladin*, 549 U.S. 70, 74 (2006).

A decision is adjudicated "on the merits" when it finally resolves the claim, with res judicata effect, based on substantive rather than procedural grounds. *Sellan v. Kuhlman*, 261 F.3d

---

[3] Citations to page numbers in Respondent's memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

303, 311-12 (2d Cir. 2001). To determine whether a state court has adjudicated a claim "on the merits," a federal habeas court must classify the state court decision as either (1) fairly appearing to rest primarily on federal law or to be interwoven with federal law; or (2) fairly appearing to rest primarily on state procedural law.[4] *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006). Decisions in the first category are deemed to have been made "on the merits" of the federal claim. *Id.*

A decision "on the merits" is contrary to clearly established federal law when it is either contrary to Supreme Court precedent on a question of law or opposite to a relevant Supreme Court case with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court unreasonably applies federal law when the state court correctly identifies the governing legal rule in a particular case but applies the rule to the facts in an "objectively unreasonable" manner. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Although "[s]ome increment of incorrectness beyond error is required" in order to grant a federal habeas application, that increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000); *see also Hawkins v. Costello*, 460 F.3d 238, 243 (2d Cir. 2006). The state court's determination of a factual issue is presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1) (2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005), *cert. denied* 546 U.S. 884 (2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

---

[4] To make this determination, the court examines three "clues": (1) the face of the state-court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances. *Jimenez*, 458 F.3d at 145 n.16.

7

**B. The Petition is Not "Second or Successive" Because Petitioner Could Not Have Challenged DOCS' Decision in His Earlier Habeas Petition and Because His Earlier Petition Was Not Decided on the Merits**

District courts lack jurisdiction over "second or successive" habeas petitions until the "appropriate court of appeals" issues an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A) (2006). This is because "AEDPA imposes stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus. AEDPA's gatekeeping provisions require that second and successive § 2254 applications be dismissed unless the claim relies on a new rule of constitutional law, made retroactive by the Supreme Court or presents facts that could not have been discovered previously and tend to show actual innocence." *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003) (punctuation and citations omitted). In the case of petitions filed in this district, the responsibility for determining whether a "second or successive" petition meets the stringent AEDPA gatekeeping standard rests with the Second Circuit. 28 U.S.C. § 2244(b)(3)(A) (2006).

Respondent argues that the petition in this action is "second or successive," that this Court lacks jurisdiction over the petition, and that this action must be transferred to the Second Circuit. (Dkt. No. 10 at 12-15.) Respondent's argument is without merit for two reasons.

First, a petition is "second or successive" only when it "raises a claim that was, or could have been, raised in an earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). The Second Circuit has considered the "second or successive" issue in a case very similar to the case currently before this Court. In *Adams v. Corcoran*, 416 F. App'x 84 (2d Cir. 2011), an inmate was sentenced for a third felony in 1989. *Id*. at 85. The sentencing judge was silent as to whether the 1989 sentence should run concurrently with or consecutively to the inmate's prior

8

sentences. *Id.* A DOCS document dated March 2, 1990, titled "Parole Date Computation,"
showed "minimum and maximum release dates . . . and the second line of these records
include[d] the heading 'NEW CONSEC TERM.'" *Id.* (capitalization in original). In 1997, the
inmate filed a habeas petition asserting claims of perjury, ineffective assistance of counsel,
prosecutorial misconduct, and sentencing errors by the judge. *Id.* The petition was denied. *Id.*
Later, the inmate filed another habeas petition, in which he challenged DOCS' calculation of his
sentence. *Id.* The district court granted the petition. *Id.* at 84. The Second Circuit vacated the
judgment of the district court. *Id.* The Second Circuit found that the inmate's petition was
"second or successive" because he could have challenged DOCS' calculation of his sentence in
his first habeas petition, which was filed seven years after the date that DOCS made its decision.
*Id.* at 85.

Here, the record includes a document titled "Legal Date Computation" dated April 10,
2001.[5] (Dkt. No. 1-6 at 23.) It shows minimum and maximum terms. *Id.* The third line of this
record includes the heading "NEW CONSEC TERM." *Id*. (capitalization in original). Nothing
in the record indicates that DOCS administratively calculated Petitioner's 1987 sentence as
running consecutively to his previous sentences any earlier than April 10, 2001. Thus, Petitioner
could not have challenged the administrative decision regarding his sentence in his February 2,

---

[5] The petition states that DOCS made its decision regarding Petitioner's sentence on or about June 25, 2007. (Dkt. No. 1 at 2.) This Court used that date in an earlier order denying Respondent's motion to transfer the petition to the Second Circuit. (Dkt. No. 7 at 4.) The Court noted that "since the challenged [DOCS] decision was not rendered until 2007, it could not have been raised in Petitioner's prior habeas petition, filed in 2000 . . . . Should the state court records reveal that Petitioner's current claims could have been raised in his prior habeas petition, Respondent may argue that this petition is second or successive . . . ." *Id.* at 4-5. Respondent's memorandum of law in opposition to the petition does not indicate that DOCS made its determination any earlier than April 10, 2001. (Dkt. No. 10 at 5-6, 12-15.)

9

2000, habeas petition. *Soto v. Walker*, No. 9:00-cv-0197-TJM-DEP, Dkt. No. 1. Therefore, Petitioner's case is distinguishable from *Adams* and his current habeas petition is not a "second or successive petition."

Second, a petition is only "second or successive" within the meaning of AEDPA if there was a decision on the merits of the first petition. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (petition not successive where court dismissed first petition for failure to exhaust state court remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (petition not successive where court dismissed first petition as unripe for review); *Muniz v. United States*, 236 F.3d 122, 129 (2d Cir. 2001) ("[W]e hold that when a habeas . . . petition is erroneously dismissed on AEDPA limitations period grounds, and another petition is filed that presses the dismissed claims, the subsequently-filed petition is not 'second or successive' if the initial dismissal now appears to be erroneous because the law on which that dismissal is based is unarguably no longer good law."). Here, Petitioner's first habeas petition was denied as untimely and this Court did not reach the merits. *Soto v. Walker*, No. 9:00-cv-0197-TJM-DEP, Dkt. Nos. 46-47. Therefore, the petition is not "second or successive," this court retains jurisdiction, and transfer to the Second Circuit is not necessary.

Having determined that this Court has jurisdiction over the petition, I will address Respondent's arguments regarding timeliness and the merits.

### C. The Petition, Filed More Than Six Years After Petitioner Admits He Was Aware of DOCS' Sentence Calculation, is Untimely

Respondent argues that the petition is untimely and must be dismissed. (Dkt. No. 10 at 15-19.) Respondent is correct.

Under AEDPA, a one-year statute of limitations applies to applications for writs of habeas corpus. 28 U.S.C. § 2244(d) (2006). The AEDPA statute of limitations applies to habeas petitions that assert that DOCS wrongfully calculated an inmate's sentence. *See James*, 308 F.3d at 167 (holding that an inmate's claim that DOCS incorrectly credited his time served was subject to the requirements of AEDPA). The one-year period runs from the latest of (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d) (1) (2006).

Regardless of which of these dates is used to calculate the limitations period applicable to this case, the petition is untimely. Under the first method, Petitioner's conspiracy conviction became final in 1990, prior to the effective date of AEDPA. Pursuant to the AEDPA "grace period," Petitioner had until April 24, 1997 – one year after the enactment of AEDPA – to file his petition. *Ross v. Artuz*, 150 F.3d 97, 102 (2d Cir. 1998). Petitioner did not file the pending petition until February 2011. Therefore, the petition is untimely under the first method.

Under the second method, the only state action that Petitioner claims thwarted his filing of his habeas petition – the September 3, 2010, "set up" and subsequent destruction of his legal materials – occurred *after* the AEDPA statute of limitations had expired as calculated under any

11

of the other methods.  That state action therefore does not serve as an appropriate date from which to measure the one-year time period.  *See Jones v. West*, 421 F. Supp. 2d 615, 618 (W.D.N.Y. 2006) (impediments to filing do not excuse failure to file habeas petition within one year where impediment did not arise until after AEDPA statute of limitations expired).

The third method is not applicable here.  Petitioner contends that his argument on merits is supported by a 1936 United States Supreme Court case and a 2006 Second Circuit case. Neither of those cases constitutes a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See Nolley v. Superintendent of Bare Hill*, No. 11-CV-6384 (MAT), 2012 U.S. Dist. LEXIS 81468, at *18-19, 2012 WL 2131891, at *7 (W.D.N.Y. June 12, 2012) ("Petitioner does not rely on any constitutional right newly-recognized, and made applicable on habeas review, by the United States Supreme Court. Instead, Petitioner relies on *Earley v. Murray*, 451 F.3d 71 . . . , a Second Circuit case explaining that a particular due process principle was clearly established by the Supreme Court's decades-old decision in *ex rel. Hill v. Wampler*, 298 U.S. 460 . . . .  In other words, the due process right asserted by Petitioner has been clearly established since the 1936 *Wampler* decision; he is not relying on a newly-recognized right.").

Finally, the petition is untimely under the fourth method.  The record shows that Petitioner was aware as early as June 2004, and could have perhaps been aware in 2001 through the exercise of due diligence, that DOCS had calculated his sentence consecutively rather than concurrently.  (Dkt. Nos. 1-5 at 18 and 1-6 at 23.)  Viewed most generously, the statute of limitations calculated under the fourth method expired in June 2005.  Petitioner did not file the pending petition until February 2011.  (Dkt. No. 1.)  Petitioner's state court action did not toll the

time period as calculated under the fourth method because state court actions filed after the expiration of the AEDPA statute of limitations cannot operate to toll the AEDPA bar. *Jones*, 421 F. Supp. 2d at 618. Petitioner did not file his state court Article 78 proceeding challenging the sentence calculation until August 2007, more than two years after the AEDPA statute of limitations expired. (Dkt. No. 1-4 at 18.) Therefore, the petition is untimely.

The AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling if he or she shows that (1) he or she has been pursuing his or her rights diligently; and (2) some extraordinary circumstance stood in his or her way and prevented timely filing. *Id*. at 649. Other than his argument regarding the September 2010 "set up," which occurred five years after the AEDPA statute of limitations expired, Petitioner does not assert any reason that equitable tolling should apply here. (Dkt. No. 13.) Accordingly, equitable tolling does not excuse the untimeliness of the petition. Therefore, I recommend that the Court deny and dismiss the petition as barred by the statute of limitations. However, because Petitioner is proceeding pro se, I will address the merits of his petition.

### D. Petitioner's Claim Regarding the Imposition of Consecutive Rather Than Concurrent Sentences is Noncognizable and Meritless

Petitioner claims that DOCS violated his right to due process by calculating his 1987 sentence as running consecutively to his prior undischarged sentences. (Dkt. No. 1.) Respondent argues that this claim is not cognizable on habeas review and meritless. (Dkt. No. 10 at 20-25.) Respondent is correct.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The question of

13

whether sentences should run concurrently or consecutively is purely a question of state law and is not cognizable on a habeas petition. *United States v. McLean*, 287 F.3d 127, 136-37. District courts in this circuit have found claims identical to Petitioner's claim noncognizable on habeas review. *Chandler v. Barkley*, No. 09-CV-4648 (SLT), 2010 U.S. Dist. LEXIS 43087, 2010 WL 1780011 (E.D.N.Y. May 3, 2010); *Reyes v. New York*, No. 08 Civ. 8645 (GEL), 2009 U.S. Dist. LEXIS 34030, 2009 WL 1066938 (S.D.N.Y. Apr. 21, 2009).[6] Therefore, it is recommended that the Court deny Petitioner's claim as noncognizable.

Even if the Court were to address Petitioner's claim on the merits, it should be denied and dismissed. Under New York Penal Law § 70.25(2-a), when a sentence of imprisonment is imposed on a person who is subject to an undischarged sentence of imprisonment imposed prior to the date on which the present crime was committed, "the court *must* impose a sentence to run consecutively with respect to such undischarged sentence." N.Y. Penal Law § 70.25(2-a) (McKinney 2009) (emphasis added). The New York Court of Appeals has explicitly rejected the argument that DOCS violates due process when it administratively sets consecutive terms pursuant to Penal Law § 70.25(2-a) despite the sentencing court's silence as to whether the terms should be served concurrently with or consecutively to undischarged terms. *Gill*, 12 N.Y.3d at 6-7. Specifically, the Court of Appeals stated:

> [W]here, as in this case, the court has no choice about which kind of sentence to impose, no default rule for interpreting the court's silence is provided by statute, because none is necessary. The court is simply deemed to have complied with the statute . . . . DOCS properly interpreted [the sentence] as being consecutive to [the petitioner's]

---

[6] The Court will provide Petitioner with copies of all of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

previous undischarged sentences, as Penal Law § 70.25(2-a) requires.

*Id.*

This factual situation is different from that in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), on which Petitioner relies. There, the Second Circuit held that DOCS violated due process when it added a period of statutorily required post-release supervision onto an inmate's sentence when the sentencing judge was silent on the issue. *Id.* at 75-77. The Second Circuit held that the "only cognizable sentence is the one imposed by the judge . . . . The sentence imposed by the court on Earley was six years in prison. The judgment authorized the state to incarcerate him for six years and no more. Any addition to that sentence not imposed by the judge was unlawful." *Id.* at 75. Here, the undischarged sentences and the 1987 sentence were properly imposed by judges. DOCS did not impose any additional sentence on Petitioner. As another court has noted, "the *Earley* holding does not apply where DOCS merely determines whether a sentence is to run consecutive to or concurrent with a previous, undischarged sentence under a New York statute." *Chandler*, 2010 WL 1780011, at *2.

Thus, even if this Court could reach the issue of a state court's application of state law, Petitioner's claim would be meritless. Therefore, I recommend that the Court deny and dismiss Petitioner's claim.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**. I find that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) (2006) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). Therefore, I recommend that no certificate of appealability issue with respect to any of Petitioner's claims; and it is further

**ORDERED** that the Clerk provide Petitioner with copies of *Nolley v. Superintendent of Bare Hill*, No. 11-CV-6384 (MAT), 2012 U.S. Dist. LEXIS 81468, 2012 WL 2131891 (W.D.N.Y. June 12, 2012); *Chandler v. Barkley*, No. 09-CV-4648 (SLT), 2010 U.S. Dist. LEXIS 43087, 2010 WL 1780011 (E.D.N.Y. May 3, 2010); and *Reyes v. New York*, No. 08 Civ. 8645 (GEL), 2009 U.S. Dist. LEXIS 34030, 2009 WL 1066938 (S.D.N.Y. Apr. 21, 2009).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: March 13, 2014
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge