UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANSELMO SOTO JR.,

                Petitioner,                9:11-cv-223
                                                    (GLS/TWD)

        v.

SUPERINTENDENT,

                Respondent.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**
Anselmo Soto, Jr.
Pro Se
3178 43rd Street
Apt #3
Astoria, NY 11103

**FOR THE RESPONDENT:**
HON. ERIC T. SCHNEIDERMAN    THOMAS B. LITSKY
New York Attorney General          Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Petitioner *pro se* Anselmo Soto Jr. commenced this habeas action

pursuant to 28 U.S.C. § 2254,[1] claiming that his due process rights were violated by the New York Department of Correctional Services (DOCS)[2] in its calculation of his sentence. (*See generally* Pet., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) dated March 13, 2014, Magistrate Judge Thérèse Wiley Dancks found that the petition is untimely, the claim presented is noncognizable on federal habeas corpus review, and, even if the claim is cognizable, it is without merit. (Dkt. No. 32.) As a result, Judge Dancks recommended that Soto's petition be denied and dismissed, and that he be denied a certificate of appealability. (*Id.*) Pending are Soto's objections to the R&R. (Dkt. No. 36.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

### A. Facts

On March 19, 1981, Soto was convicted of criminal possession of a controlled substance in the fourth degree, and sentenced to a prison term

---

[1] As further noted below, Soto initially commenced this action by filing a petition pursuant to 28 U.S.C. § 2241, which, absent any objection from Soto, the court later converted into a petition pursuant to 28 U.S.C. § 2254.

[2] On April 1, 2011, DOCS and the Division of Parole merged into one comprehensive agency entitled the New York State Department of Corrections and Community Supervision. As Judge Dancks did in her R&R, the court will refer to the agency as DOCS, as that was its title during the time relevant to this petition.

of three to six years. (Dkt. No. 1, Attach. 6 at 14.) On June 11, 1981, Soto was convicted of one count of criminal sale of a controlled substance in the second degree, and sentenced to a prison term of six years to life, to run concurrently with his March 1981 sentence. (*Id.* at 15.) Soto appealed, and his conviction was reversed and remanded. *See People v. Soto*, 465 N.Y.S.2d 82 (4th Dep't 1983). On April 17, 1984, on remand, Soto pleaded to one count of criminal possession of a controlled substance in the fifth degree, and was sentenced to three to six years, to run concurrently with his March 1981 sentence. (*Id.* at 17.)

On December 4, 1987, Soto was convicted in Oneida County Court of conspiracy in the second degree, and was sentenced to twenty-five years to life. (*Id.* at 20.) The sentencing court, however, remained silent as to whether the new term was to be served concurrently with or consecutively to the undischarged portions of Soto's previous sentences. (*Id.*) Soto alleges that, on June 25, 2007, DOCS determined that his sentence would be treated as consecutive to, rather than concurrent with, his previous undischarged prison sentences. (Dkt. No. 1 at 2-3.) Other evidence in the record, however, indicates that this determination was made much sooner, and that Soto was aware of it as early as 2004. (Dkt.

No. 1, Attach. 5 at 18.)

## B. <u>Procedural History</u>

On February 28, 2011, Soto filed a petition for a writ of habeas corpus challenging DOCS' calculation of his sentence. (Dkt. No. 1.) In essence, Soto claims that DOCS violated his right to due process by calculating his prior undischarged terms as running consecutively to his current term. (*Id.*) Soto initially filed his petition pursuant to 28 U.S.C. § 2241, but the court informed him that, because his claims relate to a state sentence imposed on a state court conviction, his petition is properly brought only pursuant to § 2254.[3] (Dkt. No. 3 at 4.) The court further noted that it must treat Soto's mislabeled § 2241 as a § 2254 application, and that, unlike § 2241 petitions, petitions filed under § 2254 are subject to the "gate keeping" provisions of § 2244, including, among other things, the one-year limitation period. (*Id.*) Despite this notice and opportunity to respond, Soto neither advised the court of his consent to the conversion nor voluntarily withdrew his petition, and on May 17, 2011, the action was

---

[3] Section 2241, on the other hand, permits *federal* prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

4

converted to one pursuant to § 2254.[4] (Dkt. No. 4.)

Upon her review of the merits of the petition, Judge Dancks recommended that the petition be dismissed. First, Judge Dancks found that the petition was untimely, as, even under the most generous calculation, the limitation period expired in 2005—one year after Soto concedes he was aware of the determination. (Dkt. No. 32 at 10-13.) Second, Judge Dancks found that, even if the petition was timely, Soto's claim is noncognizable on federal habeas review because, "'[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions,'" and "[t]he question of whether sentences should run concurrently or consecutively is purely a question of state law." (*Id.* at 13-14 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).) Third, and finally, Judge Dancks noted that, even if Soto's claim was cognizable, it is meritless; pursuant to New York Penal Law § 70.25(2-a), when a sentence of imprisonment is imposed on a person who is subject to an undischarged sentence of imprisonment imposed prior to the date on which the present crime was committed, "'the court *must* impose a sentence to run

---

[4] Later, in his opposition to respondent's motion to dismiss, Soto opposed the court's conversion of his § 2241 petition to a § 2254 petition, (Dkt. No. 6 at 2-7), but the court denied Soto's "apparent belated objection to the conversion of his petition," (Dkt. No. 7 at 5).

consecutively with respect to such undischarged sentence,'" and "[t]he New York Court of Appeals has explicitly rejected the argument that DOCS violates due process when it adminstratively sets consecutive terms pursuant to Penal Law § 70.25(2-a), despite the sentencing court's silence as to whether the terms should be served concurrently with or consecutively to undischarged terms." (*Id.* at 14-15 (quoting N.Y. Penal Law § 70.25(2-a) and citing *People ex rel. Gill v. Greene*, 12 N.Y.3d 1, 5-7 (2009)).)

### III. <u>Standard of Review</u>

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-

5.

## IV. <u>Discussion</u>

As far as the court can discern from Soto's objections, he seems, primarily, to take issue with the court's conversion of his § 2241 petition into a § 2254 petition, seemingly in an effort to avoid the one-year limitation period. (Dkt. No. 36 ¶¶ 1-5, 12.) Specifically, Soto claims that he does not challenge his "conviction and sentence," but instead "challenge[s] . . . the administrative calculation of his sentence . . . in violation of due process of law." (*Id.* ¶ 1.) Soto also takes umbrage with prior state court determinations, (*id.* ¶¶ 9-11), and again argues that his sentence was erroneously calculated, (*id.* ¶¶ 5-8).

Because Soto does not object to a specific portion of the R&R, and instead attempts to re-litigate issues already decided by this court, (*compare* Dkt. No. 36 ¶¶ 1-5, 12, *with* Dkt. No. 3 at 2-6 *and* Dkt. No. 7 at 5), or the state courts, or that are otherwise wholly unrelated to Judge Dancks' R&R, they are reviewed under a clear error standard. *See Almonte*, 2006 WL 149049, at *4. The court has thoroughly reviewed the R&R for clear error and found none. Accordingly, for the reasons articulated in the R&R, the court adopts Judge Dancks' R&R in its entirety, and denies and

dismisses Soto's petition.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Therèse Wiley Dancks' March 13, 2014 Report-Recommendation and Order (Dkt. No. 32) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Soto's petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that, because Soto has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue pursuant to 28 U.S.C § 2253(c); and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 4, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court